IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

TONY LAMAR VANN §
　　　　PLAINTIFF, §
§
V. § CIVIL CASE NO. 3:21-CV-1848-L-BK
§
AMOS L. MAZZANT, III, ET AL. §
　　　　DEFENDANTS. §

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case has been referred to the undersigned United States magistrate judge for pretrial management. Plaintiff Tony Lamar Vann sues judges and court clerks for their involvement in his since-dismissed civil rights action filed in the Eastern District of Texas, following his 2018 state conviction for felony possession of a controlled substance. He also sues the officer who initially arrested him for the offense resulting in that conviction.

Now before the Court are the three motions to dismiss filed on behalf of: (1) United States District Judge Amos L. Mazzant, III and United States Magistrate Judge Christine A. Nowak, Doc. 6; (2) former Wylie Police Officer Richard Chambers, Doc. 10; and (3) United States Court of Appeals for the Fifth Circuit Judges Kurt D. Engelhart, Leslie H. Southwick, and James L. Dennis (collectively, with Judges Mazzant, III and Nowak, "the Judges"); United States Court of Appeals for the Fifth Circuit Clerk of Court Lyle W. Cayce; and United States Court of Appeals for the Fifth Circuit Deputy Clerk Rebecca L. Leto (collectively, "the Fifth Circuit Clerks"), Doc. 12. The Court also considers Vann's motions for default judgment, Doc. 1-12 & Doc. 8.

As detailed here, Defendants' motions to dismiss pursuant to Rule 12(b)(6) should be **GRANTED**. Vann's claims against the Judges and Fifth Circuit Clerks should be **DISMISSED WITH PREJUDICE**. Vann's claim against Officer Richard Chambers should also be **DISMISSED WITHOUT PREJUDICE** to it being re-asserted when and if the *Heck* conditions are met. Additionally, Vann's motions for a default judgment should be **DENIED**.

## I. BACKGROUND

In 2018, Vann pleaded guilty to felony possession of a controlled substance under one gram. *State of Texas v. Tony Lamar Vann*, Cause No. 401-83037-2017 (Collin Cnty, TX). Following his guilty plea, he sued several people, including the arresting officer, Richard Chambers, in the United States District Court for the Eastern District of Texas. *See Amended Complaint*, *Vann v. Paxton*, No. 4:18-CV-570-ALM-CAN (E.D. Tex. Sept. 6, 2018). Vann claimed, *inter alia*, that Officer Chambers "planted drugs in [his] vehicle" in retaliation for Vann trying to get a free barbecue pit. *Vann v. Paxton*, No. 4:18-CV-570, 2019 WL 3451012, at *1 (E.D. Tex. July 31, 2019). Magistrate Judge Nowak recommended that all of Vann's claims be dismissed on the defendants' motions. *Vann v. Paxton*, No. 4:18-CV-00570-ALM-CAN, 2019 WL 4387345 (E.D. Tex. Apr. 18, 2019). Subsequently, Judge Mazzant adopted the report and recommendation and dismissed all of Vann's claims. *Vann*, 2019 WL 3451012, at *1.

Vann appealed the dismissal to the United States Court of Appeals for the Fifth Circuit, and a panel consisting of Circuit Judges Engelhart, Southwick, Dennis dismissed the appeal as frivolous. *Vann v. Paxton*, 840 F. App'x 801 (5th Cir. 2021). Vann responded by filing the instant lawsuit in the 160th Judicial District Court of Dallas County. Doc. 1-5; *see also* Doc. 1 (Notice of Removal). The gist of Vann's claims is that his Eastern District of Texas action was improperly dismissed. Vann argues that the Judges, Fifth Circuit Clerks, and Officer Chambers

conspired to "assist and aid the illegal conduct" of Officer Chambers "to protect the state['s] interest in the prison system, " and he complains generally about the justice system. Doc. 1-5 at 3-4.

Vann specifically contends, *inter alia*, that the Judges "refused to send records under the indigent laws of the state of Texas," "refused to address the issue of [] police officer planting the drugs," "pick[ed] apart his pleadings," declined to appoint a civil attorney to represent him, refused to let him speak in the court room, and denied his motions "before [he] made it into the court room." Doc. 1-5 at 3, 4, 6. Vann also complains that the Fifth Circuit Clerks rejected some of his filings in violation of Federal Rule of Appellate Procedure 25(4) and handled certain procedural matters in accordance with Federal Rule of Appellate Procedure 27(b). Doc. 1-5 at 3. Vann also appears to assert claims based state and federal penal statutes. *See, e.g.*, Doc. 1-5 at 5-6 ("abuse of official capacity" claim, relying on Texas Penal Code § 39.02; "conspiracy against rights" claim, relying on 18 U.S.C. § 241; and "obstruction of proceedings" claim, relying on 18 U.S.C. § 1505).

## II. ANALYSIS

Defendants move to dismiss under Federal Rules of Civil Procedure 12(b)(5) for failure to effect service of process, and under Rule 12(b)(6) for failure to state a claim.

A complaint may be dismissed pursuant to Rule 12(b)(6) if it fails to state a claim upon which relief may be granted. Dismissal is required when a complaint fails to plead "enough facts to state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A court ruling on a Rule 12(b)(6) motion may rely on the complaint, documents properly attached to the complaint or incorporated into the complaint by reference and matters of which a court

3

may take judicial notice. *Randall D. Wolcott, M.D., P.A. v. Sebeliu*s, 635 F.3d 757, 763 (5th Cir. 2011).

### A. Judicial Immunity

The Judges and Fifth Circuit Clerks argue that judicial immunity or quasi-judicial immunity bars Vann's claims against them—both for injunctive and monetary relief. *See* Doc. 6 at 2; Doc. 12 at 2. The Court agrees.

Judges enjoy absolute immunity for actions taken in the performance of their judicial duties, *Nixon v. Fitzgerald*, 457 U.S. 731, 745-46 (1982), and are immune from suit for damages resulting from any judicial act, *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). For federal judges, this immunity likewise extends to suits for injunctive relief. *See Mullins v. U.S. Bankr. Ct. for Dist. of Nev.*, 828 F.2d 1385, 1391-94 (9th Cir. 1987); *Stephens v. Herring*, 827 F.Supp. 359, 361-65 (E.D. Va. 1993); *Wightman v. Jones*, 809 F.Supp. 474, 476-79 (N.D. Tex. 1992).

A plaintiff can overcome the bar of judicial immunity under two limited circumstances. *Mireles*, 502 U.S. at 11-12. The first is if the complained-of action is not "judicial" in nature. *Id.* at 11.

> This circuit has adopted a four-factor test for determining whether a judge's actions were judicial in nature: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity. These factors are broadly construed in favor of immunity.

*Davis v. Tarrant County, Tex.*, 565 F.3d 214, 222-23 (5th Cir. 2009) (citations omitted). Nevertheless, "[t]he absence of one or more factors will not prevent a determination that judicial immunity applies." *Carter v. Carter*, No. 3:13-CV-2939-D (BF), 2014 WL 803638, at *1 (N.D. Tex. Feb. 20, 2014) (citations omitted). The second circumstance under which judicial immunity

is inapplicable is where the judicial action was "taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 12.

Here, while Vann's exact causes of action are unclear, it is clear that his allegations against the Judges—that they denied his filings (including motions, petitions, and briefs), forced him to know the law like an attorney, denied him a court-appointed attorney, prohibited him from speaking in the court room, "picked apart" his pleadings, and denied his motions before he "made it in the court room''—stem from normal judicial functions that were undertaken during the *Vann v. Paxton* proceedings.[1] *See, e.g.*, *Clark v. Lindsay*, 68 F.3d 465, 465 (5th Cir. 1995) (finding district judge's in refusal to issue a bench warrant, denial of the plaintiff's motion for the appointment of counsel, and refusal to allow the plaintiff to call state appellate judges to testify on his behalf were within the scope of the judge's jurisdiction, thus affording him "absolute judicial immunity").

Further, Vann fails to demonstrate that any of the Judges' actions were taken in the absence of subject matter jurisdiction. While the *Vann v. Paxton* complaint was partially dismissed for lack of jurisdiction due to some of the defendants' sovereign immunity, subject matter jurisdiction existed for the claims not dismissed on sovereign immunity grounds; and, even for the sovereign-immunity-barred claims, a court always has "inherent jurisdiction to consider its own jurisdiction." *Scherbatskoy v. Halliburton Co.*, 125 F.3d 288, 290 (5th Cir.

---

[1] As for Vann's conclusory allegation that the Judges (presumably, the district court judges) failed to send records to the appellate court in violation of "the indigent laws of the State of Texas" (Doc. 1-5 at 3), the Fifth Circuit docket sheet—of which this Court may take judicial notice in the 12(b)(6) context—shows that record excerpts from the district court were accepted by the appellate court, so this allegation is baseless. *See Bauer v. Texas*, 341 F.3d 352, 362 n.8 (5th Cir. 2003) (noting that court may take judicial notice of public court records).

1997.) Thus, Vann's claims against the Judges are barred by judicial immunity and should be dismissed with prejudice.

Judicial immunity also applies to Vann's claims against the Fifth Circuit Clerks. It is well-settled that court clerks "have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's discretion." *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001) (quoting *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. 1981)). Additionally, "[c]ourt clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." *Mullis*, 828 F.2d at 1390.

Here, Vann claims only that the Fifth Circuit Clerks acted inappropriately by (1) refusing to file his legal documents in violation of Federal Rule of Appellate Procedure 25(4), Doc. 1-5 at 3; and (2) Ruling on certain procedural motions in accordance with Fifth Circuit Rule 27.1 and Federal Rule of Appellate Procedure 27, Doc. 1-5 at 3. As for the claim that the Clerk inappropriately ruled on procedural motions, such exercise is permitted under Federal Appellate Rule 27(b) and Fifth Circuit Rule 27.1. Thus, the Clerks' actions were "an integral part of the judicial process" undertaken in accordance with court rules; thus, quasi-judicial immunity applies to protect them. *Mullins*, 828 F.2d at 1390. As does absolute immunity from damages. *See Darnell v. Conder*, No. 4:06cv053-Y, 2006 WL 2354932, at *2 (N.D. Tex. Aug. 15, 2006) (holding absolute immunity applies when clerk's actions are prescribed by court rules).

As for the claim that the Fifth Circuit clerk failed to file documents in violation of Federal Rule of Appellate Procedure 25(4), examination of the Fifth Circuit docket sheet shows that the Clerk did not refuse to file any document "solely because it" was not in the proper form as required by the federal or local rules. *See* FED. R. APP. P. 25(4) (stating that "[t]he clerk must

not refuse to accept for filing any paper presented for that purpose solely because it is not presented in proper form as required by these rules or by any local rule or practice"). At most, the Clerk did not file some of Vann's papers at the time he submitted them for filing because they were premature.

At any rate, a clerk's consideration of documents for filing is also an integral part of the judicial process, so quasi-judicial immunity likewise applies to any assertion that the Fifth Circuit Clerks erred in refusing to accept Vann's submissions for filing. *See*, *e.g.*, *Lundahl v. Zimmer*, 296 F.3d 936, 939 (10th Cir. 2002); *Smith v. Erickson*, 884 F.2d 1108, 1111 (8th Cir. 1989) (filing of documents by clerk is integral part of judicial process and protected by judicial immunity); *Mullis*, 828 F.2d at 1390 (bankruptcy clerks entitled to judicial immunity for refusing to accept amended petitions); *Robben v. California Supreme Court*, No. 2:16-cv-3023 KJM AC P, 2018 WL 4502486, at *2 (E.D. Cal. Sept. 20, 2018), *rec. accepted* 2018 WL 11229487 (E.D. Cal. Oct. 31, 2018) ("As the individuals through whom filing is done, court clerks have quasi-judicial immunity for refusing to file documents.") (citations omitted); *Evans v. Suter*, Civ. Action No. H-07-1557, 2007 WL 1888308, at *3 (S.D. Tex. June 29, 2007), *aff'd*, 260 F. App'x 726 (5th Cir. 2007) ("When a clerk of court files or refuses to file a document with the court, he is entitled to immunity, provided the acts complained of are within his professional functions.").

Accordingly, Vann's claims against the Judges and the Fifth Circuit Clerks all fail.

**B.** *Heck* **Bar**

The cause of action Vann attempts to assert against Officer Chambers is difficult to discern, but he appears to allege that the Judges, Fifth Circuit Clerks, and Officer Chambers conspired together to violate his civil rights by "assist[ing] and aid[ing] the illegal conduct of Police Richard Chambers." *See*, *e.g.*, Doc. 1-5 at 4. ("That above styled Defendant [sic] has

elected to assist and aid the illegal conduct of police Richard Chambers in a [sic] effort to protect the states interest in the prison system…").  In his motion to dismiss pursuant to Rule 12(b)(6), Officer Chambers argues, *inter alia*, that *Heck v. Humphry*, 512 U.S. 477, 487 (1994) bars this claim. Doc. 10 at 9.  The Court agrees.

"In *Heck*, the Supreme Court held that if a plaintiff's civil rights claim for damages challenges the validity of his criminal conviction or sentence, and the plaintiff cannot show that such conviction or sentence has been reversed, invalidated, or otherwise set aside, the claim is not cognizable under §1983." *Magee v. Reed*, 912 F.3d 820, 822 (5th Cir. 2019) (per curiam) (citing *Heck*, 512 U.S. at 486-87).  Put differently, *Heck* bars a judgment that "necessarily impl[ies] the invalidity" of a conviction unless that conviction has been reversed, invalidated, or otherwise set aside.  *See Heck*, 512 U.S. at 487.

Here, the central theme of Vann's allegations is that Officer Chambers fabricated evidence against Vann, and that the other Defendants somehow assisted in the wrongdoing by dismissing the *Vann v. Paxton* suit and appeal. Based on Vann's allegations, a finding in his favor on this claim would necessarily imply the invalidity of Vann's underlying possession conviction because it is premised upon Officer Chambers fabricating the evidence used to convict Vann.  *See Vann*, 2019 WL 3451012, at *2 ("A judgment in Plaintiff's favor herein, i.e., finding that Officer Chambers retaliated against Plaintiff by planting the drugs underlying his conviction or otherwise, would necessarily imply the invalidity of his conviction.  Plaintiff's claims are barred by *Heck v. Humphrey*.") (citing *Conlan v. King*, et al., 682 F. App'x 345 (5th Cir. 2017); *Villegas v. Galloway, et al.*, 458 F. App'x 334, 337 (5th Cir. 2012)).  And because

Vann has not alleged that his possession conviction has been reversed, invalidated, or otherwise set aside, the claim is not cognizable under § 1983.[2]

### C. Vann's Motion for a Default Judgment

Vann has filed two motions for default judgment—one before the case was removed and one after. Doc. 1-12, Doc. 8. Obtaining a default judgment in federal court is a three-step process: there must be (1) a default by the defendant; (2) the entry of default by the clerk of court; and (3) the entry of a default judgment by the Court. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). Here, Vann has failed to establish that either of the Defendants was properly served with process. Moreover, the Clerk of the Court has not entered a default judgment against any defendant. And finally, to obtain a default judgment, "[t]here must be a sufficient basis in the pleadings for the judgment*." Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). But here, as explained, Vann's well-pleaded factual allegations do not establish a valid cause of action against any Defendant. For at least these reasons, Vann's motions for default judgment should be denied.

### III. CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss pursuant to Rule 12(b)(6) should be **GRANTED**. Vann's claims against the Judges and Fifth Circuit Clerks should be **DISMISSED WITH PREJUDICE**. Vann's claim against Officer Richard Chambers should also be **DISMISSED WITHOUT PREJUDICE** to it being reasserted when and if the *Heck*

---

[2] Officer Chambers also argues that he is entitled to qualified immunity and that Vann's conspiracy-based claim is barred by the statute of limitations and the doctrine of *res judicata*. *See* Doc. 10 at 6, 10, 15. Finding that *Heck* clearly applies, the Court does not reach these arguments. For this reason and the absolute judicial immunity and quasi-judicial immunity enjoyed by the other Defendants, the Court does not reach the alternate arguments under Rule 12(b)(5) that none of the Defendants was properly served with process.

conditions are met.  Additionally, Vann's motions for a default judgment should be **DENIED**.

As no claims for relief will remain, this case should be closed.

      **SO RECOMMENDED** on November 24, 2021.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

10