IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TONY LAMAR VANN,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:21-CV-1848-L-BK** |
| | § | |
| **AMOS L. MAZZANT, III;** | § | |
| **CHRISTINE A. NOVAK;** | § | |
| **KURT D. ENGELHARDT;** | § | |
| **LESLIE H. SOUTHWICK;** | § | |
| **JAMES L. DENNIS; LYLE** | § | |
| **W. CAYCE; REBECCA L. LETO;** | § | |
| **and RICHARD CHAMBERS,** | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

The Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 15) was entered on November 24, 2021, recommending that the court: (1) grant the pending Motions to Dismiss (Docs. 6, 10, 12); (2) dismiss with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiff's claims against all Defendants, except former Wylie Police Officer Richard Chambers ("Officer Chambers"), which the magistrate judge recommends be dismissed without prejudice pursuant to *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); and (3) deny Plaintiff's Motion for Default Judgment (Doc. 8).

On December 3, 2021, Officer Chambers filed objections to the Report, contending that the claims against him should be dismissed with prejudice as barred by *Heck*, rather than without prejudice because, unless new evidence is discovered, the *Heck* conditions will never be met. In addition, Officer Chambers contends that the claims against him should be dismissed with

prejudice under the theory of collateral estoppel because Plaintiff asserts a claim for alleged First Amendment violations that was dismissed in a prior action.

The court does not interpret Plaintiff's pleadings in this action as asserting a First Amendment claim against Officer Chambers.  Plaintiff alleges that he was denied the right to speak in the courtroom, but this allegation is directed at the "JUDGES," not Officer Chambers. This objection by Officer Chambers is, therefore, **overruled**.

The court, however, agrees that the claims against Officer Chambers should be dismissed with prejudice pursuant to *Heck*, as Plaintiff has not satisfied the *Heck* requirement, and he currently has no cause of action on his damages claims. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).  In situations such as this, the Fifth Circuit has explained that it is appropriate and preferrable to dismiss such claims "with prejudice to their being asserted again [if, when, or] until the *Heck* conditions are met." *Id.*  Specifically, the court in *Johnson v. McElveen* stated:

> Because Johnson has not satisfied the *Heck* requirement, he currently has no cause of action on his damages claims. Accordingly, we affirm the district court's dismissal. Under *Heck*, Johnson cannot state a claim so long as the validity of his conviction has not been called into question as defined therein, which requires dismissal of claims not meeting its preconditions for suit. The court dismissed Johnson's claims with prejudice. Because these dismissals do not put a defendant to the task of preparing for trial unnecessarily, or inflict other undue prejudice, they do not preclude a later claim meeting the preconditions for suit. **A preferred order of dismissal would read: Plaintiff[']s claims are dismissed with prejudice to their being asserted again until the *Heck* conditions are met**."

*Id.* (emphasis added and footnotes omitted); *see also Colvin v. LeBlanc*, 2 F.4th 494, 501 (5th Cir. 2021) (affirming dismissal of *Heck*-barred claims, which were dismissed with prejudice by the district court based on the Fifth Circuit's prior reasoning in *Johnson v. McElveen*).  Accordingly, the court **sustains** this objection.

Having considered the parties' motions, Plaintiff's pleadings, the file, record in this case, and Report, and having conducted a de novo review of that portion of the Report to which objection

was made by Officer Chambers, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court, **except to the extent modified** by this order. The court, therefore: (1) **grants** the Motions to Dismiss (Docs. 6, 10, 12); (2) **dismisses with prejudice**, pursuant to Rule 12(b)(6), Plaintiff's claims against Defendants Mazzant, Novak, Engelhardt, Southwick, Dennis, Cayce, and Leto; (4) **dismisses with prejudice** all claims against Defendant Chambers **subject to their being asserted again if or when the** *Heck* **conditions are met by Plaintiff**; and (4) **denies** Plaintiff's Motion for Default Judgment (Doc. 8). As no claims for relief will remain, judgment will issue by separate document in accordance with Federal Rule of Civil Procedure 58.

    **It is so ordered** this 23rd day of December, 2021.

                                                    Sam A. Lindsay
                                                    United States District Judge